IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUCAS LOMAS, CARLOS EALGIN, | § | |
| *On behalf of themselves and all others* | § | |
| *similarly situated*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 4:16-cv-03745 |
| v. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## HARRIS COUNTY'S MOTION FOR MORE DEFINITE STATEMENT

### Summary of the Argument

Plaintiffs' complaint merely identifies a result: alleged wrongful detention of every Harris County arrestee. Plaintiffs seek to hold Harris County responsible for this result. But Plaintiffs' complaint is nebulous, indefinite, and ambiguous as to two elements necessary for *Monell* liability: (i) the policy and (ii) the policymaker.

Plaintiffs' complaint fails to define the relevant policy. Is the policy at issue how arrest reports are written, how probable cause is presented, how probable cause is determined, or something else? Before Harris County can even respond to Plaintiffs' complaint, Plaintiffs must allege facts sufficient to identify the policy at issue.

Plaintiffs must also identify who promulgated or ratified the policy with some modicum of specificity. Plaintiffs, however, merely discuss in their complaint numerous actors' roles in the pretrial process e.g., assistant district attorneys, arresting officers, judges, jail personnel, pretrial services agents, and other unidentified Harris County "employees and agents," without sufficiently specifying which of these various actors promulgated or ratified the allegedly infirm

policy. Policymakers can, and often do, "wear two hats." Many of these actors do not make Harris County policy in the role generally described.

In order for Harris County to respond to Plaintiffs' complaint, Plaintiffs must identify the policy of which they complain and who they allege promulgated the policy. Only then can Harris County even begin to assess whether that person is a county actor.

### Nature and Stage of the Proceeding

Plaintiffs filed this case on December 28, 2016 and it was initially assigned to Judge Hoyt. (Docket Entry No. 1.) Because of the relatedness of this case with another pending case in this Court—*ODonnell v. Harris Cnty., Tex,*, 4:16-cv-1414 (S.D. Tex. filed May 19, 2016)—this case was reassigned to this Court. (Docket Entry No. 8.) This case is still in its infancy, as no discovery or substantive briefing has yet occurred.

### Issue to be Ruled Upon

Plaintiffs seek to hold Harris County liable under 42 U.S.C. § 1983 for an allegedly unconstitutional policy. Plaintiffs, however, fail to define the policy and fail to identify who promulgated or ratified the policy at issue—two key elements of § 1983 liability under *Monell.* Without these elements, Harris County cannot fairly evaluate whether a county policy, as opposed to a state or judicial policy, is at issue. Is Plaintiffs' complaint "so vague or ambiguous" that Harris County cannot reasonably respond?

### Background

By now, this Court is well versed in the inner workings of the pretrial process in Harris County. *See, e.g.*, *ODonnell v. Harris Cnty., Tex.*, No. 4:16-cv-1414, 2016 WL 7337549 (S.D. Tex. Dec. 16, 2016). This case focuses on a discrete part of that process: probable cause determinations. In short, Plaintiffs allege that every single arrestee in Harris County's jail is

detained illegally because probable cause is purportedly determined on unsworn statements. (Docket Entry No. 1, p. 1.)

The process starts with law enforcement. Upon witnessing the commission of a crime, a law enforcement officer calls a hotline staffed by an assistant district attorney. (*Id.* at ¶ 13.) "If the ADA on duty believes that the officer's factual recitation supports a charge, the ADA 'accepts' the charges." (*Id.* at ¶ 14.) The law enforcement officer then types a summary of the facts into the District Attorney's Intake Management System ("DIMS"). (*Id.* at ¶ 15.) After the officer submits the report, an assistant district attorney reviews the report, and, if it is acceptable, files a complaint. (*Id.* at ¶ 14 n. 2.) The filing of charges at this stage is not automatic, however. The assistant district attorney on duty may reject the case upon second review or ask for additional facts. If the assistant district attorney rejects the case, the accused is released

The next pertinent step in the process is the probable cause hearing. (*Id.* at ¶¶ 23–24, 29, 30.) At the probable cause hearing, an assistant district attorney reads the facts from the DIMS report, and a Harris County Criminal Law Hearing Officer determines whether probable cause exists. (*Id.* at ¶¶ 29, 33.) If a Hearing Officer finds probable cause, she will then determine personal bond eligibility and set bail. It is unclear whether Plaintiffs claim that the policy at issue derives from the District Attorney's method of presenting probable cause, the judicial officers' determination of probable cause on the papers presented, or something else. Neither of these actors, in the roles described, are Harris County policymakers.

Plaintiffs then allege in broad terms that all employees and agents within Harris County know that probable cause is determined based on unsworn facts. (Docket Entry No. 1, ¶ 31.) Plaintiffs' expansive complaint includes an allegation that Pretrial Services representatives are

aware of this policy. *Id.* Certainly, Plaintiffs are not claiming that this is a Pretrial Services policy, as Pretrial Services is completely uninvolved in determining probable cause.

### Argument and Authorities

"A party is entitled to a more definite statement when a portion of the pleadings to which a responsive pleading is allowed 'is so vague or ambiguous that the party cannot reasonably prepare a response.'" *See McCollim v. Allied Custom Homes, Inc.*, No. H-08-3754, 2009 WL 1098459, at *2 (S.D. Tex. April 23, 2009) (quoting FED. R. CIV. P. 12(e)). "[P]arties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading." *Id.* (citing 5 Charles A. Wright & Arthur R. Miller, FED. PRAC. & PROC. § 1203, at 99 (3d ed. 2004)).

Plaintiffs seek to hold Harris County liable for some undefined, allegedly infirm policy. "Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). In cases where the policy derives from a custom or practice, "[a]ctual or constructive knowledge of [a] custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority." *Id.* The Fifth Circuit has commented that the "policymaker" element is not "an opaque requirement." *Id.*

Plaintiffs describe the pretrial process as it relates to probable cause and mention a litany of actors along the way, but they fail to identify the actual policy at issue or which actor is

responsible for that policy (i.e., which actor promulgated or ratified the alleged policy).[1] The "policymaker" element is particularly critical in this case because many of the actors' decisions referenced in Plaintiffs' complaint do not represent Harris County policy.

In the recent case of *Groden v. City of Dallas*, the Fifth Circuit addressed what is required to state a § 1983 claim, particularly as it relates to identifying the policymaker. 826 F.3d 280 (5th Cir. 2016). The court held that the plaintiff must set forth enough facts to allege the existence of an unconstitutional policy, but held that failing to identify the specific policymaker by name was not fatal. *Id.* at 284–85.

In *Groden*, unlike here, the plaintiff identified the specific policy at issue: that Dallas "had adopted a policy . . . of arresting vendors in Dealey Plaza." *Id.* at 282. The plaintiff, however, did not identify the Dallas City Council as the final policymaker for this City of Dallas policy. Plaintiff's omission was not fatal in that instance because the plaintiff had set forth sufficient facts, such as the City "'publically announcing a new policy' of cracking down on vendors in Dealy Plaza and . . . the city's official 'spokesman,' Vincent Golbeck, 'g[iving] media interviews describing the new policy," to show who promulgated the challenged policy. *Id.* at 285 ("Groden needed only to plead facts—facts which establish that the challenged policy was promulgated or ratified by the city's policymaker."). The court then noted that it would supply the answer to the legal question of whether that entity was a policymaker for the entity sued. *Id.* ("Groden's complaint did not need to supply an answer to the *legal* question of the specific identify of the city's policymaker under the relevant statutory scheme.") (emphasis in original).

---

[1] Identifying the policy and the policymaker are two related issues. If Plaintiffs will identify who is responsible for the alleged policy, it is likely that the policy at issue will become clearer. Conversely, if Plaintiffs properly identify the policy at issue, it may be evident who is responsible for that policy. *Compare Groden v. City of Dallas*, 826 F.3d 280, 282 (5th Cir. 2016) (noting that the policy at issue was the City's "crackdown" on vendors in a park that was announced by a spokesman for the City, and, as a result, this was sufficient to identify that the policy was promulgated by the Dallas City Council and for the court to conduct the legal analysis as to whether this was a City of Dallas policy). However, because Plaintiffs' complaint is imprecise as to both elements, Harris County cannot fairly frame an answer.

After examining the relevant statutes and precedent, the Fifth Circuit held that the Dallas City Council was the final policymaker for the City of Dallas. The court concluded that the plaintiff had sufficiently stated a claim against the City of Dallas via the Dallas City Council's promulgation or ratification of an allegedly illegal policy.

*Groden* is distinguishable in that determining whether Harris County is liable is not as simple as asking whether the governing body of the county—Harris County Commissioners Court—promulgated or ratified a policy. *Compare Groden*, 826 F.3d at 286 (noting that under settled law the city council was the final policymaker, and "thus, to show that the city of Dallas acted unconstitutionally, Groden must show that the city council promulgated or ratified an unconstitutional policy.") Numerous actors, each within their own sphere, can be a final policymaker for Harris County. And what complicates the analysis here is that some actors can be a Harris County policymaker for some acts and a State of Texas actor for others. *See, e.g.*, *ODonnell*, 2016 WL 7337549 at *27–32 (discussing how for certain functions various actors were county policymakers and for other functions they were state actors). Therefore, it is critical that Plaintiffs identify both the policy and the policymaker, or, at the very least, plead their claims clearly enough so that Harris County and this Court have some reasonable basis to evaluate whether the policy about which Plaintiffs complain is actually a Harris County policy.

*Groden*, though distinguishable, is also illustrative of what is required to state a claim. The complaint in *Groden* was satisfactory because it both (i) plainly identified the policy (e.g., the alleged crackdown on the sale of merchandise in a public area) and (ii) set forth sufficient facts regarding who ratified or promulgated the policy (though the policymaker was not expressly named). From these well-pled facts, the court was able to conduct the required *Monell* analysis to determine whether the City of Dallas could be liable. *See Groden*, 826 F.3d at 286.

In contrast to the complaint in *Groden*, Plaintiffs here have neither defined the policy at issue with any semblance of specificity nor identified who ratified or promulgated the policy. *See, e.g., Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."). Instead, Plaintiffs merely offer a recitation of a process occurring within the geographic boundaries of Harris County and conclude that it must represent Harris County's policy. *But see McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 792 (1997) (discussing that geographic limitations of authority are not dispositive of whether a person is acting for the state or county). Plaintiffs' approach is insufficient; geography alone does not define whether something is a state or county policy. Because it is entirely unclear from the face of Plaintiffs' complaint what policy is at issue and whether that policy was promulgated or ratified by a Harris County policymaker, Harris County cannot intelligibly respond to Plaintiffs' claims.

## Conclusion

Just because something occurs within geographic boundaries of Harris County does not *ipso facto* make it a Harris County policy. Rather, Harris County can only be liable for a policy promulgated (either expressly or through custom or practice) by a Harris County policymaker executing a county function. Whether the policy at issue here, which is largely undefined, is a Harris County policy is a central, threshold legal issue in this case. But to even reach this question, Plaintiffs must first clarify their complaint and define with reasonable specificity the policy at issue and the policymaker responsible. Only then can Harris County and this Court determine whether the policy at issue is a Harris County policy.

Respectfully Submitted


  /s/ Katharine D. David
Katharine D. David
Federal I.D. No. 577391
Texas Bar No. 24045749
kdavid@gardere.com
Mike Stafford
Federal I.D. No. 20898
Texas Bar No. 18996970
mstafford@gardere.com
Marla Thompson Poirot
Texas State Bar No. 00794736
Federal I.D. No. 23658
mpoirot@gardere.com
Philip J. Morgan
Federal I.D. No. 1708541
Texas Bar No. 24069008
pmorgan@gardere.com
Gardere Wynne Sewell LLP
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, TX 77002-5011
Ph: 713-276-5500 – Fax: 713-276-5555


  /s/ Melissa Spinks
Melissa Spinks
Sr. Assistant County Attorney
Federal I.D. No. 1312334
Texas Bar No. 24029431
melissa.spinks@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
Ph: 713-274-5101 – Fax: 713-755-8924

**Attorneys for Defendant, Harris County**

### CERTIFICATE OF SERVICE

I certify that on the 10th of April, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

 _/s/ Katharine D. David_
Katharine D. David

Gardere01 - 10144988v.1