IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| LUCAS LOMAS and<br>CARLOS EAGLIN,<br>    On behalf of themselves and all<br>    others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>HARRIS COUNTY, TEXAS,<br><br>    Defendant. | Case No. 16-CV-3745<br>The Honorable Lee H. Rosenthal<br>(Class Action) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION FOR A MORE DEFINITE STATEMENT**

Defendant Harris County filed a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). Docket Entry No. 18. The County argues that "Plaintiffs must identify the policy of which they complain and who they allege promulgated the policy." *Id.* at 2. The Motion should be summarily denied.

A Complaint does not need to "identify" the policymaker responsible for an unlawful policy. *See Groden v. City of Dallas, Tex.*, 826 F.3d 280, 284 (5th Cir. 2016) (explaining that the identity of the "policymaker" is a legal concept that need not be pleaded in a complaint). And the Complaint in this case *does* identify the unconstitutional policy that it challenges: "The County, as a matter of uniform policy and practice, detains people despite the fact that County officials know that a probable cause finding supported by an oath or affirmation never happens." Docket Entry No. 1, at ¶ 2.

1

I.      **The County's Motion Is Meritless and Causes Unnecessary Delay**

"As a general matter, Rule 12(e) motions are disfavored because they can be used as a tool for delay." *In re Fosamax Prod. Liab. Litig.*, No. 06 MD 1789 JFK, 2013 WL 6669706, at *2 (S.D.N.Y. Dec. 18, 2013); *Wirsche v. Bank of Am., N.A.*, No. 7:13-CV-528, 2013 WL 6564657, at *1 (S.D. Tex. Dec. 13, 2013) ("[M]otions for a more definite statement are generally disfavored . . . ." (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 131 (5th Cir. 1959))); *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001). This motion is a case in point. Nothing about Plaintiffs' Complaint is "so vague or ambiguous that [the County] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

First, a complaint is required only to plead facts that plausibly give rise to an entitlement to relief—in this case, the existence of an unconstitutional municipal policy. *Groden*, 826 F.3d at 283–84 ("Following the clear indication of Supreme Court precedent, we hold [that] the specific identity of the policymaker is a legal question that need not be pled; the complaint need only allege facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable."). As the County writes in its motion, "'[p]arties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading.'" Docket Entry No. 18, at 4 (quoting *McCollim v. Allied Custom Homes, Inc.*, No. H-08-3754, 2009 WL 1098459, at *2 (S.D. Tex. April 23, 2009)). But those requirements do not include the explanation of legal theories, and the facts Plaintiffs pleaded give rise to the plausible inference that Harris County has a policy of continuing to detain warrantless arrestees even though it knows that determinations of probable cause are never based on sworn statements.

Second, Plaintiffs' Complaint pleads facts sufficient to give rise to a reasonable inference that the County enforces an unconstitutional policy and explains exactly what that policy is: The

County has a policy, implemented by the Harris County Sheriff, of detaining individuals on the basis of orders of detention that he knows to be invalid. *See, e.g.*, Docket Entry No. 1, at ¶ 21. "The [Harris County] Sheriff is a County Policymaker to the extent he knowingly enforces invalid orders of detention." *Odonnell v. Harris Cty., Tex.*, No. CV H-16-1414, 2016 WL 7337549, at *29 (S.D. Tex. Dec. 16, 2016), *reconsideration denied*, No. CV H-16-1414, 2017 WL 784899 (S.D. Tex. Mar. 1, 2017). In this case, the well-pleaded factual allegations in the Complaint show that Sheriff's Department employees—among other County employees—know that every warrantless probable cause determination in Harris County is based on unsworn statements. Sheriff's Department employees make 25% of the arrests in Harris County, Docket Entry No. 1, at ¶ 11, and use the DIMS system when they do, *id.* ¶ 27; Sheriff's Department employees (among other County employees) are present throughout all probable cause hearings in Harris County, *id.* ¶ 31; and Sheriff's Department employees continue to detain every warrantless arrestee in Harris County (unless she can pay a predetermined money bail) even though there has been no neutral determination of probable cause based on a sworn statement, *id.* ¶ 39. Plaintiffs have adequately alleged—and explained—an unconstitutional policy. There is no real confusion about the facts that Plaintiffs allege. This case is actually about whether the County's policies and practices, as everyone understands them, are constitutional or not.

There may be other entities or officials who are responsible for certain aspects of the broad post-arrest process described in the Complaint, and there may be other policies. Plaintiffs do not intend to limit themselves to the legal theory set forth above, nor are they required to at this stage. But Plaintiffs have clearly alleged a policy that, if true, is attributable to Harris County. No more definite statement is required, and the Motion should be denied. If the County believes that the

clear facts alleged do not give rise to a policy, or that they somehow do not give rise to a Harris County policy, the proper forum for such arguments is in a motion pursuant to Rule 12(b).

Respectfully submitted,

*/s/ Rebecca Bernhardt*

Rebecca Bernhardt (TX Bar No. 24001729)
*Attorney-in-Charge*
Susanne Pringle (TX Bar No. 24083686)
Texas Fair Defense Project
314 E Highland Mall Blvd, Suite 108
Austin, Texas 78752
(512) 637-5220
rbernhardt@fairdefense.org
springle@fairdefense.org

*/s/ Elizabeth Rossi*

Elizabeth Rossi
(Admitted *pro hac vice*)
Charlie Gerstein
(Admitted *pro hac vice*)
Alec Karakatsanis
(Admitted *pro hac vice*)
Civil Rights Corps
910 17th Street NW, Fifth Floor
Washington, DC 20001
(202) 681-2409
elizabeth@civilrightscorps.org
charlie@civilrightscorps.org
alec@civilrightscorps.org

## CERTIFICATE OF SERVICE

  I hereby certify that on the 11th day of April, 2017, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

                  */s/ Charles Gerstein*
                  Charles Gerstein