IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUCAS LOMAS, CARLOS EALGIN, | § | |
| *On behalf of themselves and all others* | § | |
| *similarly situated*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 4:16-cv-03745 |
| v. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## HARRIS COUNTY'S REPLY IN SUPPORT OF ITS
## MOTION FOR MORE DEFINITE STATEMENT

Harris County is not asking for a detailed explanation of Plaintiffs' legal theories. Harris County merely wants Plaintiffs to, with a level of precision sufficient to satisfy Rule 8, identify the policy or policies at issue and facts showing that a Harris County policymaker ratified or promulgated these policies. Stated differently, Harris County is requesting that Plaintiffs clarify their complaint so that Harris County and the Court can evaluate whether Plaintiffs have even stated a claim under *Monell*. Plaintiffs' current complaint is so vague and ambiguous as to the policy at issue and the supposed Harris County policymaker that ratified or promulgated the policy that Harris County cannot form a cogent response.

A. A reasonable reading of Plaintiffs' complaint does not lead to the conclusion that the policy at issue is the Sheriff's.

Harris County understood Plaintiffs to be complaining about the mechanics of how probable cause is presented or determined.[1] In the opening Paragraph of their complaint, Plaintiffs allege, "In Harris County, probable cause findings for warrantless arrestees are never

---

[1] While Harris County understands the fundamental legal issue raised (e.g., whether the Fourth Amendment requires that probable cause for warrantless arrestees be based upon sworn statements), it is unclear what policy is the moving force and what policymaker promulgated or ratified the policy.

based on facts supported by oath or affirmation." (Docket Entry No. 1, p. 1). Plaintiffs then

reiterate this as their central grievance: "Harris County is required to release every single one of

these detainees unless a neutral magistrate makes a prompt finding of probable cause supported

by 'oath or affirmation.'" (*Id.* ¶ 2.)

But Plaintiffs' complaint identified numerous other policies, many of which are unrelated

to whether probable cause is based upon sworn facts:

- As a matter of policy and practice, individuals arrested without a warrant within Harris County routinely do not receive probable cause determinations until they are transferred from the custody of the arresting authority to Harris County; (*Id.* ¶ 17);

- As a matter of policy and practice, Harris County continues to detain warrantless arrestees—whether arrested by Harris County itself or another agency—for whom there has been no probable cause determination within a reasonable period of time, which is 48 hours at the longest. (*Id.* ¶ 22);

- Sometimes a Hearing Officer concludes that there is not enough information to determine whether probable cause existed for the arrest. In these cases, the Hearing Officer tells the Sheriff's Department to continue detaining the person, and urges the ADA to contact the arresting officer to find out more about the circumstances leading to the arrest. As a matter of policy and practice, the Sheriff's Department continues to detain warrantless arrestee in these circumstances while the ADA investigates further. (*Id.* ¶¶ 35–36);

- As a matter of policy and practice, warrantless arrestees are released from pretrial detention only when they either pay their bail amounts or resolve their case. (*Id.* ¶ 49.)

Despite listing numerous policies, Plaintiffs proclaim that they identify "exactly what the

policy is: The County has a policy, implemented by the Harris County Sheriff, of detaining

individuals on the basis of orders of detention that he knows to be invalid." (Docket Entry No.

21, pp. 2–3.) In support of this statement, Plaintiffs cite Paragraph 21 of their complaint. This

paragraph states:

As a matter of policy and practice, Harris County accepts into its custody, and keeps in its custody, warrantless arrestees transferred to the jail from other

2

arresting agencies or arrest by the Sheriff's Department, without regard for how much time has passed since the individual was arrested and even though Harris County knows that no probable cause determination has been made.

(Docket Entry No. 1, ¶ 21.)

Paragraph 21 illustrates the very problem with Plaintiffs' complaint. Paragraph 21 does not relate to how probable cause is determined. This paragraph speaks to timing issues related to probable cause and has nothing to do with probable cause supposedly being determined upon unsworn facts. Is this case about *Gerstein/County of Riverside* timing issues or about whether probable cause is properly determined? The fact that Plaintiffs argue that Paragraph 21 identified "exactly" the policy at issue is dispositive of the need for Plaintiffs to clarify their complaint. *See, e.g.*, *Adams v. Ware Youth Detention Ctr.*, No. 5:10-cv-01870, at *2 (E.D. La. Aug. 12, 2011) (granting a 12(e) motion because the policy alleged was conclusory) (citing *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162 (5th Cir. 1997)). An objective reading of Plaintiffs' entire complaint would not lead the reader to conclude that the policy at issue is encapsulated by Paragraph 21.

Furthermore, no reasonable person would read Plaintiffs' complaint and conclude that at issue is the Sheriff's practice of following judicial orders. Nowhere do Plaintiffs attempt to connect the dots between the Sheriff's actions in the pretrial process and the Sheriff having any role in how probable cause is determined. And it is absurd for Plaintiffs to argue that the Sheriff's procedures of following judicial orders—which the Sheriff is legally obligated to do— is the "moving force" behind the alleged constitutional violation of not having probable cause determined upon sworn facts. *See Piotrowski v. City of Houston*, 237 F.3d 567, 580 (5th Cir. 2001) ("[T]here must be a direct causal link between the municipal policy and the constitutional deprivation."). If not remedied, this is an issue that will be more fully addressed via motion to dismiss.

3

B.   <u>Harris County's argument is not that Plaintiffs fail to identify the policymaker by name.</u>

Harris County is well-aware of *Groden v. City of Dallas*, discussing *Groden* at length in its motion. Plaintiffs address *Groden* in passing and fail to address Harris County's arguments that *Groden* is distinguishable and that *Groden* demonstrates why Plaintiffs' complaint is defective.

So there is no question: Harris County is not arguing that Plaintiffs' complaint is defective for failing to identify the policymaker by name. Rather, Plaintiffs' complaint is indefinite as to the material facts showing that a Harris County policymaker promulgated or ratified the alleged policy. Perhaps the vagueness is due to Plaintiffs' failure to articulate the policy or Plaintiffs repeatedly using the phrase "policy and practice" when describing mere background facts. In any event, it is not readily apparent from the face of Plaintiffs' complaint what the policy is (and it is entirely unclear that Plaintiffs are challenging the Sheriff's practice of following judicial orders of commitment post-probable cause hearing). Had Plaintiffs better defined the policy, it might be clearer whether Plaintiffs set forth sufficient facts showing that a county policymaker ratified or promulgated the policy. But because Plaintiffs' complaint is so amorphous, Plaintiffs' complaint fails to set forth facts showing whether or how a Harris County policymaker—acting in his capacity for Harris County—promulgated or ratified the policy.

C.   *ODonnell* demonstrates why Plaintiffs' complaint is defective.

The Court's order in *ODonnell* does not stand for the broad proposition that every act of the Sheriff represents Harris County policy. Rather, the Court noted that the Sheriff, depending on the function, could act as either a state actor or county actor. *See ODonnell v. Harris Cnty., Tex.*, No. H-16-1414, 2016 WL 7337549, at *29–32 (S.D. Tex. Dec. 16, 2016). The duality of

the Sheriff's role supports a need for more precise pleading. In fact, the Court noted that to the extent that the Sheriff lacks discretion to follow judicial orders relating to commitment, he is acting as a state actor. *See id.* at *32 ("[R]elief could run against the Sheriff in his official capacity as a State officer tasked by State statutes with detaining misdemeanor arrestees in County Jail.").

      D.   <u>Plaintiffs acknowledge that there are multiple policies at issue, highlighting the amorphousness of their complaint.</u>

Plaintiffs acknowledge: "there may be other entities or officials who are responsible for certain aspects of the broad post-arrest process described in the Complaint, and there may be other policies. Plaintiffs do not intend to limit themselves to the legal theory set forth above." (Docket Entry No. 21.) Plaintiffs attempt to leave open as many avenues as possible. However, by doing so, Plaintiffs obfuscate the true policy or policies at issue to the point where it is unclear what is actually at issue.

Plaintiffs argue that it is clear from their complaint that they have alleged a policy of the Sheriff of detaining people for whom probable cause was supposedly incorrectly determined. Harris County disagrees. Putting this aside, if Harris County files a 12(b)(6) motion, as Plaintiffs suggest, Plaintiffs will simply insert a new policy and possibly a new policymaker that promulgated or ratified the policy. This will then start another round of 12(b)(6) briefing. This process will continue until every conceivable policy or actor's role in the process has been exhausted. Plaintiffs' approach is nonsensical. The goal should be to get to the central legal issue as expeditiously as possible. Plaintiffs, therefore, should identify *all* relevant policies and sufficient facts showing that a Harris County policymaker promulgated or ratified each policy

(and if no other Harris County policies exist, then Plaintiffs should say so), avoiding the need for serial 12(b)(6) motions or numerous amended complaints.[2]

Harris County is asking that at a very early stage in this litigation that Plaintiffs provide a "short and plain statement of the claim" by setting forth with clarity the policy or policies at issue and facts showing that a Harris County policymaker ratified or promulgated the policy. *See* FED. R. CIV. P. 8. Plaintiffs are capable of explaining their claims with more precision—they should be required to do so.

<u>Conclusion</u>

The importance of identifying the policy and facts showing that a Harris County policymaker promulgated or ratified the policy cannot be understated. Whether Harris County is liable turns on whether a county policymaker ratified or promulgated the policy at issue. Plaintiffs must set forth these two key elements of *Monell* liability with enough detail so that Harris County and the Court can evaluate whether a county policy is at issue. Plaintiffs' live pleading fails to do so.

---

[2] If Plaintiffs learn through the discovery process about other policies, this is a different story. The likelihood of this is very small given that Plaintiffs' counsel gained a strong institutional knowledge about the workings of the pretrial system in Harris County through their work on *ODonnell*. (Docket Entry No. 1, ¶ 72) ("Civil Rights Corps and the Texas Fair Defense Project. . . [have] extensive knowledge of both the details of Defendant's scheme and the relevant constitutional and statutory law.") Plaintiffs are likely well aware of all potential policies. Why Plaintiffs want to hide the ball and not identify all possible policies is unknown.

Respectfully Submitted


 /s/ Katharine D. David
Katharine D. David
Federal I.D. No. 577391
Texas Bar No. 24045749
kdavid@gardere.com
Mike Stafford
Federal I.D. No. 20898
Texas Bar No. 18996970
mstafford@gardere.com
Marla Thompson Poirot
Texas State Bar No. 00794736
Federal I.D. No. 23658
mpoirot@gardere.com
Philip J. Morgan
Federal I.D. No. 1708541
Texas Bar No. 24069008
pmorgan@gardere.com
Gardere Wynne Sewell LLP
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, TX 77002-5011
Ph: 713-276-5500 – Fax: 713-276-5555


 /s/ Melissa Spinks
Melissa Spinks
Sr. Assistant County Attorney
Federal I.D. No. 1312334
Texas Bar No. 24029431
melissa.spinks@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
Ph: 713-274-5101 – Fax: 713-755-8924

**Attorneys for Defendant, Harris County**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 18th of April, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

 */s/ Katharine D. David*
Katharine D. David

8