IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUCAS LOMAS, CARLOS EALGIN, | § | |
| *On behalf of themselves and all others* | § | |
| *similarly situated*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 4:16-cv-03745 |
| v. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## HARRIS COUNTY'S ANSWER

Harris County files this answer to Plaintiffs' Original Class Action Complaint ("Complaint").

The Plaintiffs' introduction does not require a response. To the extent that a response is required, Harris County denies the factual allegations in Plaintiffs' Introduction.

1.      Harris County denies Plaintiffs' allegations in Paragraph 1.

2.      The first sentence of Paragraph 2 is a statement of law to which no response is required. Harris County denies the facts set forth in the second and third sentences in Paragraph 2. The last sentence of Paragraph 2 is a conclusion of law to which no response is required. To the extent a response is required, Harris County denies the assertion in the last sentence of Paragraph 2.

3.      Paragraph 3 sets forth Plaintiffs' claims, and, as such no response is required. To the extent a response is required, Harris County denies the allegations in Paragraph 3, particularly the allegation that Harris County maintains an unconstitutional policy.

4.      Paragraph 4 contains conclusions of law to which no response is required.  To the extent a response is necessary, Harris County admits that the Court has subject matter jurisdiction.

5.      Harris County admits that venue is proper.

6.      Paragraph 6 is a legal conclusion to which no response is required.  To the extent a response is required, Harris County denies the allegations.

7.      Harris County lacks sufficient information to admit or deny the allegations regarding Lucas Lomas in Paragraph 7.  Harris County denies that it maintains an unconstitutional or unlawful policy.

8.      Harris County lacks sufficient information to admit or deny the allegations regarding Carlos Ealgin in Paragraph 8. Paragraph 8 contains conclusions of law to which no response is required. Harris County denies that it maintains an unconstitutional or unlawful policy.

9.      The facts alleged in Paragraph 9 are legal conclusions to which no response is necessary.  To the extent that a response is necessary, Harris County denies that it is a municipal corporation, as Harris County is a county and further denies that it maintains an unconstitutional policy.

10.     Harris County lacks sufficient information to admit or deny the allegation in Paragraph 10.

11.     Harris County lacks sufficient information to admit or deny the allegations in Paragraph 11.

12.     Harris County admits the allegations in Paragraph 12.

13.     Harris County denies the allegations in Paragraph 13 as they are not an accurate description of the post-arrest process.

14.     Harris County admits the allegations in the first sentence of Paragraph 14. Harris County denies the allegations in the second sentence of Paragraph 14.

15.     Harris County admits the allegations in Paragraph 15.

16.     Harris County admits the allegations in Paragraph 16.

17.     Harris County denies the allegations in Paragraph 17.

18.     Harris County admits in part and denies in part the allegations in Paragraph 18. Harris County admits that the Sheriff accepts into custody warrantless arrestees who have not posted bail. It is a legal question whether the Sheriff is acting as a county official when doing so. Harris County denies that bail is set "pursuant to the County's predetermined bail schedule," as the bail schedule is promulgated by various judges who are not, in passing the bail schedule, acting on behalf of Harris County.

19.     Harris County denies the allegations in Paragraph 19.

20.     Harris County lacks sufficient information to admit or deny the vague, generic allegations in Paragraph 20.

21.     Harris County denies the allegations set forth in Paragraph 21.

22.     Harris County denies the allegations set forth in Paragraph 22.

23.     Harris County admits the allegations set forth in Paragraph 23.

24.     Harris County admits the allegations set forth in Paragraph 24.

25.     Harris County denies the allegations in the first sentence of Paragraph 25, as not all arrestees can obtain release by paying bail. Harris County admits the second sentence of Paragraph 25.

26.     Harris County lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 26, as Harris County does not know what all of its "employees and agents know." Harris County admits in part the information in the second sentence.  Certain information is available electronically.  Harris County denies that this information is available to all Harris County employees, as alleged. Harris County lacks sufficient information to admit or deny the information in the last sentence.

27.     Harris County admits the allegations in the first sentence of Paragraph 27.  Harris County lacks sufficient information to admit or deny the allegations in the second and third sentence of Paragraph 27.

28.     Harris County denies the allegations in Paragraph 28.

29.     Harris County admits the allegations in Paragraph 29.

30.     Harris County admits in part the allegations in Paragraph 30, as starting July 1, 2017, defense attorneys will be present at probable cause hearings.

31.     Harris County admits the allegations in the first sentence of Paragraph 31.  Harris County lacks sufficient information to admit or deny the information in the second and third sentence of Paragraph 31, as Harris County does not know what various county employees know.

32.     Harris County denies the factual allegations in Paragraph 32.

33.     Harris County admits that the Hearing Officers determine probable cause based on the statements read by the assistant district attorney, but denies that the factual basis is always unsworn. Harris County also admits that the Hearing Officers find probable cause in many cases, but cannot admit that it is in "almost every case," as that term is undefined.

34.     Harris County denies the allegations in Paragraph 34.

35.     Harris County denies the allegations in Paragraph 35 because it mischaracterizes and is an incomplete recitation of what actually occurs.

36.     Harris County denies the allegations in the first sentence of Paragraph 36.  Harris County lacks sufficient information to admit or deny the allegations in the second and third sentences as Harris County does not know what the Sheriff's Department knows. Harris County admits in part the allegations in the fourth sentence.  Only those arrestees eligible for release (e.g., no holds, no issues with family violence, etc.) will be released by posting bond.

37.     Harris County admits in part the allegations in the first sentence, as those who were held for further investigation are often presented on the very next docket. Harris County also admits that Hearing Officers determine whether probable cause exists. Harris County denies the remaining factual allegations in Paragraph 37.

38.     Harris County denies the allegations in Paragraph 38.

39.     Harris County lacks sufficient information to admit or deny the allegations in Paragraph 39, as "Harris County officials" is not defined and Harris County cannot admit what every single employee or agent of Harris County knows.

40.     Harris County denies the allegations in Paragraph 40.

41.     Harris County denies the allegations in Paragraph 41, as some arrestees may be subject to diversion programs and their case information is not available online.

42.     Harris County denies the allegations in the first sentence of Paragraph 42. Harris County lacks sufficient information to admit or deny the allegations in the second sentence of Paragraph 42, as it is unclear who are the "jail officials" being referenced.

43.     Harris County lacks sufficient information to admit or deny the allegations in Paragraph 43, as it is unclear who are the "jail officials" being referenced.  Harris County denies the allegations in the second sentence of Paragraph 43.

44.     Harris County denies the allegations in Paragraph 44.

45.     Harris County denies the allegations in Paragraph 45.

46.     Harris County lacks sufficient information to admit or deny the allegations in Paragraph 46, as Plaintiffs fail to identify the Sheriff's Deputy at issue.

47.     Harris County lacks sufficient information to admit or deny the allegations in Paragraph 47, as Plaintiffs fail to identify the Sheriff's Deputy at issue.

48.     Harris County lacks sufficient information to admit or deny the allegations in Paragraph 48.

49.     Harris County denies that the policy identified in Paragraph 49 is a Harris County policy, as Plaintiffs fail to identify the Sheriff's Deputy at issue.

50.     Harris County lacks sufficient information to admit or deny the allegations in Paragraph 50.

51.     Harris County admits that probable cause was found in Mr. Lomas's case and bail set at $15,000. Harris County lacks sufficient information to admit or deny the allegations in the second sentence of Paragraph 51.

52.     Harris County denies the allegations set forth in Paragraph 52, as Mr. Lomas secured a bond on  December 28, 2016; Mr. Lomas clearly had the ability to pay.

53.     Harris County admits in part the allegations in Paragraph 53, as Mr. Lomas's first appearance, which he made, was set for January 3, 2017.

54.     Harris County lacks sufficient information to admit or deny the allegation in the first sentence of Paragraph 54.  Harris County admits the allegations in the second sentence of Paragraph 54.

55.     Harris County denies the allegations in the first sentence of Paragraph 55 because bail was set at $5,000.  Harris County lacks sufficient information to admit or deny the allegations in the second sentence of Paragraph 55.

56.     Harris County denies the allegations set forth in Paragraph 52, as Mr. Ealgin secured a bond on  December 30, 2016; Mr. Ealgin clearly had the ability to pay.

57.     Harris County admits in part the allegation in Paragraph 57, as Mr. Ealgin's first appearance, which he made, was set for January 3, 2017.

58.     The allegations in Paragraph 58 do not require a response.  To the extent a response is required, Harris County denies the allegations set forth in Paragraph 58.

59.     The allegations in Paragraph 59 do not require a response.  To the extent a response is required, Harris County denies the allegations set forth in Paragraph 59, and specifically denies the allegation that it maintains an unlawful policy or practice.

60.     The allegations in Paragraph 60 do not require a response.  To the extent a response is required, Harris County denies the allegations set forth in Paragraph 60.

61.     The allegations in Paragraph 61 do not require a response.  To the extent a response is required, Harris County denies the allegations set forth in Paragraph 61.

62.     The allegations in Paragraph 62 do not require a response.  To the extent a response is required, Harris County denies the allegations set forth in Paragraph 62.

63.     Harris County lacks sufficient information to admit or deny the allegations in Paragraph 63.

64.     Harris County lacks sufficient information to admit or deny the allegations in Paragraph 64.

65.     Harris County lacks sufficient information to admit or deny the allegations in Paragraph 65.

66.     Harris County lacks sufficient information to admit or deny the allegations in Paragraph 66.

67.     Harris County denies the allegations in Paragraph 67, specifically denying the fact that the policy at issue as Harris County policy.

68.     Harris County lacks sufficient information to admit or deny the allegations set forth in Paragraph 68.

69.     The allegations in Paragraph 69 do not require a response.  To the extent a response is required, Harris County denies the allegations in Paragraph 69.

70.     The allegations in Paragraph 70 do not require a response.  To the extent a response is required, Harris County denies the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 are legal conclusions and no response is required. To the extent a response is required, Harris County denies the allegations in Paragraph 71.

72.     Harris County admits that the Plaintiffs are represented by the counsel listed in Paragraph 72. Harris County lacks sufficient information to admit or deny the allegations set forth in Paragraph 72.

73.     Harris County lacks sufficient information to admit or deny the facts set forth in Paragraph 73.

74.     Harris County lacks sufficient information to admit or deny the facts set forth in Paragraph 74.

75.     Harris County lacks sufficient information to admit or deny the facts set forth in Paragraph 75.

76.     The allegations in Paragraph 76 are legal conclusions and no response is required. To the extent a response is required, Harris County denies the allegations in Paragraph 76.

77.     The allegations in Paragraph 77 are legal conclusions and no response is required. To the extent a response is required, Harris County denies the allegations in Paragraph 77.

78.     The allegations in Paragraph 78 are legal conclusions and no response is required. To the extent a response is required, Harris County denies the allegations in Paragraph 78.

79.     The allegation in Paragraph 79 does not require a response.

80.     The allegations set forth in Paragraph 80 consist of legal conclusions to which no response is required.  To the extent that a response is required, Harris County denies the allegations and specifically denies the allegations that the policy at issue is a Harris County policy.

81.     The allegation in Paragraph 81 does not require a response.

82.      The allegations set forth in Paragraph 82 consist of legal conclusions to which no response is required.  To the extent that a response is required, Harris County denies the allegations and specifically denies the allegations that the policy at issue is a Harris County policy. Harris County also contends that Plaintiffs' common law cause of action for wrongful imprisonment is not cognizable. *See Doe v. Angelina Cnty., Tex.*, 733 F. Supp. 245 (E.D. Tex. 1990) ("The Texas Tort Claims Act, however, does not apply to a claim . . . (2) arising out of . . . false imprisonment . . . Claims of false imprisonment are not among the action allowed against a municipality. For this reason, plaintiff's claim against the county and against the sheriff in his official capacity must be dismissed.") (internal citations omitted) (alterations in original).

Plaintiffs' remaining allegations relate to their request for relief, to which no response is require. To the extent a response is required, Harris County denies that Plaintiffs are entitled to the relief they seek.

Respectfully Submitted

  /s/ Katharine D. David
Katharine D. David
Federal I.D. No. 577391
Texas Bar No. 24045749
kdavid@gardere.com
Mike Stafford
Federal I.D. No. 20898
Texas Bar No. 18996970
mstafford@gardere.com
Marla Thompson Poirot
Texas State Bar No. 00794736
Federal I.D. No. 23658
mpoirot@gardere.com
Philip J. Morgan
Federal I.D. No. 1708541
Texas Bar No. 24069008
pmorgan@gardere.com
Gardere Wynne Sewell LLP
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, TX 77002-5011
Ph: 713-276-5500 – Fax: 713-276-5555

  /s/ Melissa Spinks
Melissa Spinks
Sr. Assistant County Attorney
Federal I.D. No. 1312334
Texas Bar No. 24029431
melissa.spinks@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
Ph: 713-274-5101 – Fax: 713-755-8924

**Attorneys for Defendant, Harris County**

## CERTIFICATE OF SERVICE

I certify that on the 18th of May, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

 */s/ Philip J. Morgan*
Philip J. Morgan

Gardere01 - 10190298v.1