**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| LUCAS LOMAS, and <br> CARLOS EALGIN, <br>     On behalf of themselves and all <br>     others similarly situated, <br><br>     Plaintiffs, <br><br> v. <br><br> HARRIS COUNTY, TEXAS, <br><br>     Defendant. | Case No. 16-CV-3745 <br><br> (Class Action) |

**FINAL CONSENT JUDGMENT**

Harris County and Plaintiffs have agreed to settle this case. Per the Settlement Agreement attached to this Judgment as Exhibit 1, the District Attorney, in her official capacity, has agreed to change (and has already changed) the process of presenting probable cause statements for warrantless arrests, whereby an officer now swears to the facts being inputted into the District Attorney Intake System ("DIMS") and, as a result, sworn facts are now presented to judicial officers for determination of probable cause.

It is understood by the parties that, by agreeing to settle this case, Harris County is not admitting liability nor is Harris County admitting that the policies and practices complained of in Plaintiffs' complaint are those of Harris County.

Moreover, by agreement of the parties, Harris County has agreed to pay $75,000 in reasonable attorneys' fees payable to Civil Rights Corps in order to settle this litigation. By paying

attorneys' fees, Harris County is not admitting that it is liable or that the policies at issue represent those of Harris County.

THEREFORE, it is hereby ORDERED that the parties shall follow the terms set forth in the Settlement Agreement, attached as Exhibit 1. The Court further orders that the Settlement Agreement shall be monitored by an independent monitor for a period of three years from the entry of this Consent Judgment. The monitor shall be responsible for ensuring that the District Attorney has modified the DIMS system in accordance with the above terms. The monitor will notify Plaintiffs' counsel and the Court of any non-compliance as soon as practicable. Harris County, as the custodian of records, will retain accurate copies (in either paper or electronic form) of all DIMS summaries that are presented to hearing officers for probable cause determinations and copies of all video hearings for at least one year after the probable cause determinations, and Harris County will make such records available to the monitor upon request. The Court retains jurisdiction solely for the purpose of enforcing the terms of the settlement agreement.

SIGNED this _____ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| LUCAS LOMAS, and<br>CARLOS EALGIN,<br>    On behalf of themselves and all<br>    others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>HARRIS COUNTY, TEXAS,<br><br>        Defendant. | Case No. 16-CV-3745<br><br>(Class Action) |

## SETTLEMENT AGREEMENT

Kim Ogg, in her official capacity as the Harris County District Attorney, agrees to implement (and has already implemented) the procedures detailed below:

*A. An Oath or Affirmation in the District Attorney's Intake Management System*

In Harris County, arresting officers currently use the District Attorney's Intake Management System ("DIMS") to transmit information about arrests. For the purposes of this Agreement, "DIMS" shall refer to this system or to any other system that serves a similar function. If, for example (but not to the exclusion of anything), the District Attorney replaces DIMS with another computer system, this Agreement shall apply to the replacement system.

The District Attorney agrees to modify (and has modified) DIMS as follows: Every time an arresting officer inputs facts relating to an arrest into DIMS, he/she will be presented with a box that he/she can click to establish that he/she swears the following oath or makes the

1

following affirmation in support of the facts that he/she has entered into DIMS: "I declare under penalty of perjury that the foregoing is true and correct based on information and belief."

The District Attorney agrees to ensure that all DIMS summaries that are used to present facts to Harris County judicial officers for probable cause determinations, whether those summaries be in printed or electronic form, will be accompanied by the oath or affirmation described above. Using the officer's unique login identification, DIMS will automatically insert the name of the officer who is responsible for the facts into the oath or affirmation so that it reads "I [OFFICER] declare under penalty of perjury that the foregoing is true and correct on information and belief.. /s [OFFICER] via DIMS."

B. *Training*

The District Attorney has circulated training materials to all police officers and sheriff's deputies in Harris County (i.e., to any law enforcement officer who makes warrantless arrests that will be prosecuted in the County) explaining the change in the DIMS system and the significance of the oath (i.e., that false statements can subject an officer to perjury liability). The training materials emphasized that the electronic oath/affirmation provided for in this agreement has the full force and effect of an in-person oath in court or before a magistrate authorizing a warrant and that knowingly entering false statements could subject the officer to a charge of perjury.

C. *Monitoring*

This Agreement will be monitored by an independent monitor for a period of three years and from the entry of this Agreement, and that the monitor shall be responsible for ensuring that the District Attorney has modified the DIMS system in accordance with the above terms. Kim

2

Ogg, acting in her official capacity as Harris County District Attorney, agrees to cooperate with the monitor that Harris County and Plaintiffs agree to appoint.

Agreed to:

_____
Kim Ogg, Harris County District Attorney


_____
~~Alec Karakatsanis~~, Plaintiffs' counsel
CHARLES GERSTEIN